Joy BROWN, Personal Representative of the ESTATE OF Edwin E. SANGER, Deceased, Plaintiff,

v.

Kathleen R. WRIGHT, f/k/a Kathleen Sager, Defendant.

Civil No. 07–12906.

United States District Court, E.D. Michigan, Southern Division.

Sept. 19, 2007.

Cheryl A. Cameron, D'Luge, Miles, Mount Clemens, MI, for Plaintiff.

Nicole M. Winston, Port Huron, MI, Robert B. June, Ypsilanti, MI, for Defendant.

## OPINION AND ORDER

JOHN FEIKENS, District Judge.

Plaintiff Joy Brown ("Brown") brought this lawsuit in Michigan Circuit Court for the County of Macomb. In her complaint, Brown alleges that when Defendant Kathleen Wright ("Wright") entered into a Judgment of Divorce (the "Divorce"), she waived the right to keep the proceeds of her ex-husband's life insurance policy. Brown seeks a declaration that Wright has waived her right to retain the policy proceeds and a judgment against Wright for breach of contract in the amount of the policy proceeds. Wright removed this action to federal court, contending that Brown's state law claims are preempted by the Employee Retirement Income Security Act ("ERISA"). Brown responded with the Motion to Remand this lawsuit to state court that is presently before me.

This Motion to Remand presents the question of whether Brown's state law causes of action challenging Wright's right to keep the proceeds of an ERISA regulated benefits program are preempted under ERISA. For the reasons set forth below, I find that Brown's state law causes of action are not preempted by ERISA and hereby GRANT her Motion to Remand.

### Factual and Procedural Background

On September 28, 1990, Kathleen Wright married Edwin Eugene Sanger ("Sanger"). (Complaint ¶ 8.) Following their marriage, Sanger named Wright as the beneficiary of his General Motors Life and Disability Benefits Program. (*Id.* at ¶ 9.) In 1992, Sanger and Wright entered into a Judgment of Divorce. (*Id.* at ¶ 10.) The Divorce contained two clauses that are relevant to this matter.

### Beneficiary Rights

IT IS FURTHER ORDERED AND ADJUDGED that any of the rights of either party in any policy or contract of life, endowment or any insurance of the other as beneficiary or otherwise, is hereby extinguished unless specifically preserved by this Judgment.

### Pension

IT IS FURTHER ORDERED AND ADJUDGED that any rights of either party in any pension, annuity, or retirement plan benefit of the other, whether vested or unvested, accumulated or contingent are extinguished unless provided for elsewhere in this Judgment.

(*Id.* at Exhibit A.)

Despite the Divorce, Sanger never removed Wright as the beneficiary of his life insurance policy. (*Id.* at ¶ 12.) When Sanger died in November of 2006, Wright was still the named beneficiary of the policy. (*Id.* at ¶ 12–14.) Brown, the representative of the Estate of Edwin Sanger, filed a complaint in state court seeking a declaration that Wright "waived, pursuant to the Judgment of Divorce, any right to retain any insurance proceeds on the life of Edwin E. Sanger." (*Id.* at ¶ 16.) The complaint also contains a claim for breach of contact seeking judgment in the amount of the proceeds of the insurance policy. (*Id.* at ¶ 21.)

Wright removed this action to Federal Court claiming that Brown's state law causes of action are preempted by ERISA. Brown responded by bringing the present motion to remand the case to state court.

### Applicable Law and Analysis

A defendant may remove a case from state to federal court if the case could have been brought in federal court in the first instance. 28 U.S.C. § 1441. Wright, who removed this case, claims that this action could have been brought in federal court because it presents a federal question pursuant to 28 U.S.C. § 1331. (Notice of Removal ¶ 5.) In determining whether a case presents a federal question,

courts use the "well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). For removal to be proper under the well-pleaded complaint rule, a federal question must appear on the face of the complaint. *Warner v. Ford Motor Co.,* 46 F.3d 531, 533 (6th Cir.1995). A defendant can not render an action proper for removal by raising a federal defense. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

■ There is an exception to the well-pleaded complaint rule when Congress so completely preempts a particular area "that any civil complaint raising this select group of claims is federal in character." *Taylor,* 481 U.S. at 63–64, 107 S.Ct. at 1546. If a plaintiff brings state law claims in an area that is completely preempted, those claims are recast as federal causes of action and the case can properly be removed. *Id.*

■ In passing ERISA, Congress expressed an intent to preempt "all state laws which 'relate to' an ERISA plan." *Central States, Se. & Sw. Areas Pension Fund v. Howell,* 227 F.3d 672 (6th Cir. 2000) (citing 29 U.S.C. § 1144(a)). A state law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *McMillan v. Parrott,* 913 F.2d 310, 311 (6th Cir.1990). Thus, the issue at the heart of this motion is whether Brown's state law causes of action "relate to" an ERISA plan.

The Sixth Circuit has explained that there is no binding precedent on the issue of whether state law causes of action challenging a plan beneficiary's right to keep ERISA plan proceeds relate to the plan and are, thus, preempted.

"It is clear that the law of this Circuit requires the ERISA plan administrator to pay out plan proceeds in accordance with the ERISA plan documents. However, there is no precedent binding on this Court on the issue of whether, once the beneficiary is determined, ERISA preempts all causes of action and possible remedies based upon state law that may be traced to the ERISA plan proceeds."

*Central States, Se. & Sw. Areas Pension Fund v. Howell,* 227 F.3d 672, 678 (6th Cir.2000).

There is, however, instructive law on this topic. The Supreme Court has held that the proceeds of an ERISA employee welfare benefit plan can be subject to state garnishment proceedings. *See Mackey v. Lanier Collection Agency and Serv., Inc.,* 486 U.S. 825, 831–32, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). And the Sixth Circuit has recently held that "once the [ERISA plan] benefits have been released to the properly designated beneficiary, the district court has the discretion to impose a constructive trust upon the those benefits in accordance with applicable state law." *Howell,* 227 F.3d at 679. Although neither of theses cases directly address the specific issue presented here, in both instances the court found that state law was not preempted from acting upon the proceeds of an ERISA benefits plan.

In a recent case, the Michigan Supreme Court provided a thorough analysis of whether state law claims can be used to challenge a plan beneficiary's right to keep the proceeds of an ERISA plan. Faced with facts that closely resemble those present in this matter, the Court held that "while a plan administrator is required by ERISA to distribute the proceeds from a plan to a named beneficiary, the named beneficiary can then be found to have waived the right to retain the distributed proceeds." *Sweebe v. Sweebe,* 474 Mich. 151, 160, 712 N.W.2d 708 (2006).

In addition, Judge Duggan, my colleague in the Eastern District of Michigan, recently analyzed this issue in a case with facts that mirror those present in this action. Judge Duggan concluded that "Plaintiff's attempt to recover the insurance proceeds from Defendant once those proceeds have been distributed by the plan administrator does not "relate to" the ERISA plan and the Court concludes that Plaintiff's claims are not preempted by state law." *Francis v. Donovan,* 2006 WL 481672, at *3 (E.D.Mich.2006).

Wright argues that Brown's state law causes of action should be preempted because the plan administrator has not yet distributed the plan proceeds and cites the Sixth Circuit's decisions in *Metro Life Ins. Co. v. Pressley* and *McMillan v. Parrott* in support of her position. *Metro. Life Ins. Co. v. Pressley,* 82 F.3d 126 (6th Cir.1996); *McMillan v. Parrott,* 913 F.2d 310 (6th Cir.1990). These cases, however, are clearly distinguishable from the present case. In both *Pressley* and *McMillan,* the issue was whether a broad waiver in a divorce decree could affect a beneficiary's right to receive the proceeds of a former spouse's ERISA benefits plan. *Pressley,* 82 F.3d at 130 ("In *McMillan,* this Court considered essentially the same question that it faces in this case: whether under the provisions of ERISA the former spouse of a decedent waives her interest as the designated beneficiary of the decedent by reason of a broad waiver of rights in the couple's divorce decree."). In both cases, the Sixth Circuit found that the former spouse, as the beneficiary of the plan, was entitled to receive the proceeds of the plan. *See Pressley,* 82 F.3d at 130; *McMillan,* 913 F.2d at 312.

■ This is not the issue presented here. Brown concedes that Wright is entitled to receive the proceeds of Sager's life insurance policy under the terms of the plan. (Complaint ¶ 15.) The question presented here is whether Wright is entitled to keep those proceeds. I see a fundamental difference between state law causes of action that challenge a plan beneficiary's right to *receive* the proceeds of an ERISA plan and those that seek to challenge a plan beneficiary's right to *keep* the proceeds of an ERISA plan. Causes of action challenging a beneficiary's right to receive ERISA plan proceeds directly affect the administration of the ERISA plan. Because of this effect, these causes of action "relate to" the plan. Causes of action challenging a beneficiary's right to keep ERISA plan proceeds do not interfere with the administration of the ERISA plan. They deal only with the rights of the plan beneficiary and, therefore, do not "relate to" the ERISA plan. ·

### Conclusion

Because I find the opinions of the Supreme Court, the Sixth Circuit, the Michigan Supreme Court, and Judge Duggan persuasive on this issue, I hold that Brown's state law causes of action do not "relate to" an ERISA plan and, therefore, are not preempted by ERISA.

Accordingly, I GRANT Brown's Motion to Remand and ORDER this case remanded to Michigan Circuit Court for the County of Macomb.

**IT IS SO ORDERED.**