# CIRCUIT COURT OF SURRY COUNTY

Gloria D. Griffin
and James J. Griffin, III

v.

Kimberly S. Cowser-Griffin

October 11, 2012

Case No. CL12-0023

By Judge W. Allan Sharrett

This matter comes before the Court on the defendant's Motion for Summary Judgment. The issue before the Court is are the claims asserted by Gloria D. Griffin and James J. Griffin, III, to their father's employer provided group life insurance policy and 401(k) plan based on a separation agreement with their father and the children's mother preempted by the Employee Retirement Income Security Act of 1974 (ERISA)?

*Facts*

This action involves a claim by Gloria D. Griffin and James J. Griffin, III, to an employer provided group life insurance policy and a 401(k) available to decedent David L. Griffin, their father. It is undisputed that the proceeds at issue are a Metropolitan Life Insurance Policy Benefit worth $392,422.43 and a Dominion Salaried Savings Plan worth $354,126.73. The benefits are available through an ERISA-governed retirement plan of Dominion Virginia Power. Both policies name the decedent's widow, Kimberly Cowser-Griffin, as the beneficiary of the plans. The decedent's children seek to enforce the terms of a property settlement agreement and impose a constructive trust over the assets should they win their claim.

Specifically, the children wish to enforce provisions in David Griffin's 1996 Separation and Property Settlement Agreement with his ex-wife and the children's mother, Sandra Griffin. The Agreement provides in pertinent part that, "[s]o long as any child is under the age of twenty-one (21) years, both parties agree to designate the children as primary beneficiaries on a life insurance policy or policies on their respective lives in a face amount of not less than $500,000.00 and to maintain and continue in force all such life insurance policies." At the time of the decedent's death on May 26, 2012, his youngest child, Gloria, was nineteen years old. These claims for enforcement of the agreement and imposition of a constructive trust are undisputed "state law" claims under ERISA. The children concede that the plan administrator cannot distribute the ERISA benefits directly to them in contradiction of the beneficiary designation to Ms. Cowser-Griffin. The children argue, however, that the imposition of a constructive trust over the benefits is not preempted by ERISA and that the goals and objectives of ERISA would still be achieved.

The plan documents on the pension and 401(k) and welfare benefits in the form of a life insurance policy specifically state that, "[a]s provided for under the Employee Retirement Income Security Act of 1974 (ERISA), [plan participants] have certain rights relative to [their] participation in Dominion's Benefit Plans." In a divorce situation, the plan administrator should pay benefits to someone other than the named beneficiary "only in response to a Qualified Domestic Relations Order (QDRO)," which was not filed with the Dominion Plan Administrator. Thus, the plaintiffs will succeed on summary judgment only if the ERISA-protected funds become subject to state law's imposition of a constructive trust once the funds have been disbursed to Ms. Cowser-Griffin.

## Discussion

A plaintiff's claim can survive a motion for summary judgment only if there is a genuine dispute of material facts. *Jackson v. Hartig*, 274 Va. 219, 228, 654 S.E.2d 303, 308 (2007). Therefore, summary judgment is proper in favor of the defendant, Kimberly Cowser-Griffin, only if there is no genuine dispute of material facts.

Summary judgment is proper because the claims asserted by Gloria D. Griffin and James J. Griffin, III, to their father's employer provided group life insurance policy and 401(k) plan based on a separation agreement with their father and the children's mother are preempted by ERISA. The Employee Retirement Income Security Act of 1974 (ERISA) states that an employee benefit plan must "specify the basis on which payments are made to and from the plan." 29 U.S.C. § 1102(b)(4) (2012). The fiduciary under the plan must discharge his duties "in accordance with the documents and instruments governing the plan." 29 U.S.C § 1104(a)(1)(D) (2012).

Additionally, the pension plan should state that benefits under the plan may not be assigned or alienated. 29 U.S.C. § 1056(d)(1) (2012).

ERISA has a specific preemption provision that states that ERISA supersedes "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" that is covered by ERISA. 29 U.S.C. § 1144(a) (2012). For the purpose of that provision, the term "state law" encompasses "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1) (2012). The provision specifically excludes its application to qualified domestic relations orders (QDRO). 29 U.S.C. § 1144(b)(7) (2012). This preemption provision is worded broadly and is "clearly expansive." *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001). A state law relates to an ERISA plan "if it has a connection with or reference to such a plan." *Id.* at 147 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 (1983)). To determine whether the state law has the requisite connection, the court analyzes "the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." *Egelhoff*, 532 U.S. at 147 (citations omitted).

In *Egelhoff*, an employee of the Boeing Company had both a life insurance policy and a pension plan governed by ERISA, with his wife listed as the beneficiary. *Id.* at 144. The couple divorced prior to the death of Mr. Egelhoff, and the beneficiary of the policies was never changed. *Id.* Mr. Egelhoff's children from a previous marriage sued for the proceeds of the plans as his lawful heirs under the intestacy statute because of a Washington state statute providing that the designation of a spouse as beneficiary is revoked automatically upon divorce. *Id.* at 143.

The Supreme Court in *Egelhoff* stated that one of ERISA's principal goals is to enable employers "to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits." *Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001). The Washington statute directly conflicted with ERISA's requirements that plans be administered and benefits paid in accordance with plan documents and therefore had a "connection with" ERISA plans and was preempted by ERISA. *Id.* at 150.

As a threshold matter, the plaintiffs in the instant case concede that the policies are both governed by ERISA and that their claims to enforce a private party contract and impose a constructive trust over the benefits paid are "state law" claims. Thus, for preemption to apply, the state law claims must "relate to" the ERISA-governed plans.

The plaintiffs' state law claim for imposing a constructive trust over the plan benefits covered by ERISA based upon a property settlement agreement "relates to" the ERISA employee benefit plan. *See* 29 U.S.C. § 1144(a) (2012). In *Metropolitan Life Ins. Co. v. Pettit*, 164 F.3d 857 (4th Cir. 1998), the decedent and his former wife entered into a property settlement

agreement requiring the decedent to maintain life insurance benefits in favor of his ex-wife. *Id.* at 859-60. The specific policy was not mentioned in the settlement agreement, as in this case, so the former spouse's interest in the plan benefits was not properly protected. The proper method of protecting an interest in plan benefits based on a divorced spouse's property rights is to file a qualified domestic relations order, which is specifically excepted from preemption. *Id.* at 863. The decedent's life insurance policy subject to ERISA designated his current wife as the beneficiary instead. *Id.* at 860. Similar to the facts in this case, the ex-wife sought to impose a constructive trust on the plan benefits. *Id.* at 859.

The Court of Appeals for the Fourth Circuit asked whether ERISA preempted the enforcement of a property settlement agreement against life insurance proceeds paid through an ERISA-governed plan. *Metropolitan Life Ins. Co. v. Pettit*, 164 F.3d 857, 859 (4th Cir. 1998). The court stated that a "constructive trust claim, which is based upon a property settlement agreement, if allowed to stand, would directly conflict with ERISA's goal of providing a nationally uniform plan administration." *Id.* at 864. ERISA preempted the state law constructive trust claim based on a property settlement agreement because of the conflict with ERISA's purpose, the reduction in the certainty of plan administration, and the increase of litigation. Therefore, the state constructive trust claim "related to" ERISA and was preempted.

Plaintiffs argue that, because the court found that ERISA preempted the claim, it did not decide whether the court could enforce a constructive trust against the proceeds; but *Pettit* never distinguished between pre-distribution and post-distribution of funds. The threshold question of the court addresses "life insurance benefits" generally, not pre-distribution funds and post-distribution funds. This distinction also thwarts ERISA's broad preemption and would increase litigation costs post-distribution of benefits.

Furthermore, a recent federal case in Wisconsin amplifies this notion. *See Reliastar Life Ins. Co. v. Keddell*, No. 09-C01195 (E.D. Wis. Jan. 12, 2011) (slip op.). The decedent in *Reliastar* had entered into a marital settlement agreement with his ex-wife after his divorce that stated he would name their children as his life insurance beneficiaries. The beneficiary named on the policy after the divorce was the decedent's then-girlfriend, and the children sought to impose a constructive trust on the benefits. The court ruled that ERISA preempted the children's state law claims because "state law claims cannot be used to circumvent the terms of an insurance policy governed by ERISA. It could be argued that imposing a constructive trust would not disturb ERISA because the terms of the ERISA-governed plan will be fulfilled." *Id.* However, this reasoning abrogates ERISA's broad preemption provision and, therefore, "a constructive trust would violate

ERISA's preemptive force even if it applied after the funds from the policy were actually distributed." *Id.*

The plaintiffs' assertion that there is a distinction under ERISA between the ability to reach benefits before they have been distributed to the beneficiary, as opposed to after their disbursement, frustrates the objectives of ERISA. The plaintiffs assert that the benefits paid to the beneficiary meet the goals and objectives of ERISA, and thus the imposition of a constructive trust at that point is permissible. However, the Supreme Court has held that ERISA protects plan participants and beneficiaries. *Boggs v. Boggs*, 520 U.S. 833, 845-46 (1997). Allowing a constructive trust claim on a beneficiary's disbursed funds leaves the designated beneficiary insecure under ERISA.

Other courts have ruled that ERISA preemption applies to constructive trust claims regardless of whether the benefits have been disbursed. In the persuasive case *Barnett v. Barnett*, 67 S.W.3d 107 (Tex. 2001), ERISA preempted the imposition of a constructive trust by an ex-spouse on a life insurance policy already paid to the decedent's mother. The Court of Appeals for the Ninth Circuit also held that, "when a state court creates a constructive trust with the explicit purpose of avoiding ERISA's rules, it too must be preempted." *Carmona v. Carmona*, 603 F.3d 1041, 1062 (5th Cir. 2010). The constructive trust after the distribution of the benefits still subverts the beneficiaries designated by the plan participant and undermines ERISA's objectives.

The plaintiffs next argue that a claim to assert a constructive trust does not "relate to" ERISA's anti-alienation provision and it does not thwart ERISA's goals. The Virginia Supreme Court decided that death benefits governed by federal law are not subject to state law claims under the Federal Employees' Group Life Insurance Act (FEGLIA). *Maretta v. Hillman*, 283 Va. 34, 39, 722 S.E.2d 32, 33 (2012), *petition for cert. filed*, 80 U.S.L.W 3598 (U.S. Apr. 11, 2012) (No. 11-1221). In *Maretta*, the decedent listed his ex-spouse as the beneficiary of a Federal Employees' Group Life Insurance (FEGLI) policy, and the decedent's widow filed a claim against the ex-wife based on a Virginia Code provision that revokes beneficiary designations upon a divorce decree. *Id.* at 39, 722 S.E.2d at 33-34. The Court stated that FEGLIA's preemptive provision preempted Va. Code § 20-111.1(A) because of Congress's intent that the benefits be paid to and belong to a designated beneficiary. *Id.* at 39, 722 S.E.2d at 33. The Court relied on *Ridgway v. Ridgway*, 454 U.S. 46 (1981), by emphasizing Congress's intent for the benefits to "belong to the named beneficiary and no other." *Maretta*, 283 Va. at 46, 722 S.E.2d at 37 (quoting *Ridgway*, 454 U.S. at 56).

The United States Supreme Court in *Ridgway* held that the Servicemen's Group Life Insurance Act of 1965 (SGLIA) preempted a constructive trust imposed upon the policy proceeds by a state-court decree. *Ridgway*, 454 U.S. at 47. Mr. Ridgway and his ex-wife entered into an agreement for

Mr. Ridgway to maintain a life insurance policy on his three children. *Id.* at 48. Contrary to the agreement, Mr. Ridgway's beneficiary under his insurance policy was his current spouse pursuant to SGLIA. *Id.* The former spouse filed suit on behalf of her children based on the divorce decree for the proceeds of the policy. *Id.* at 49. Because only the policyholder could designate a beneficiary, SGLIA displaced the inconsistent state law. *Ridgway v. Ridgway*, 454 U.S. 46, 60 (1981).

FEGLIA, SGLIA, and ERISA are structured similarly, and the reasoning in *Maretta* and *Ridgway* are applicable to ERISA. FEGLIA contains an "order of precedence" that directs to whom the benefits under the policy are paid. 5 U.S.C. § 8705(a) (2012). Additionally, FEGLIA has a preemption provision, 5 U.S.C. § 8709(d)(1) (2012). SGLIA also has an order of precedence provision setting forth the statutory order of precedence for beneficiaries, 38 U.S.C. § 1970(a) (2012), and an anti-alienation provision prohibiting "attachment, levy, or seizure" from creditors' claims before or after distribution, 38 U.S.C. § 1970(g) (2012). ERISA, like FEGLIA and SGLIA, requires the plan administrator to pay the benefits to the designated beneficiary and, like FEGLIA, expressly preempts "all State laws" that "relate to" an ERISA plan, 29 U.S.C. § 1104(a)(1)(D) (2012), 29 U.S.C. § 1144(a) (2012). ERISA also has a provision prohibiting assignment or alienation, not unlike SGLIA's anti-alienation provision, 29 U.S.C. § 1056(d)(1) (2012).

The plaintiffs argue, however, that the *Ridgway* analysis preempting the constructive trust claim looked to the anti-attachment statute under SGLIA and not the order of precedence provision analogous to ERISA's provision requiring the plan administrator to follow the plan documents. The anti-attachment statute prohibits payments against "attachment, levy, or seizure," 38 U.S.C. § 770(g) (2012). Therefore, the imposition of a constructive trust would constitute a "seizure" of the funds and is preempted by the statute. *Ridgway v. Ridgway*, 454 U.S. 46, 60 (1981). The plaintiffs assert that the language limiting alienation in ERISA is not nearly as broad as the SGLIA language and that nothing in the ERISA statute prevents the attachment after receipt by the beneficiary. Their argument follows that, because the children's claim to impose a constructive trust does not "relate to" the ERISA anti-alienation provision, the preemption provision does not control.

Although *Maretta* was based on FEGLIA and not ERISA, the Virginia Supreme Court rejected the argument that *Ridgway* is distinguishable because the United States Supreme Court depended on SGLIA's anti-attachment provision in preempting the constructive trust claim. The *Maretta* court specifically stated that "[s]tate courts distinguishing *Ridgway* also fail to acknowledge what is apparent from a plain reading of the decision, i.e., that its holding based on SGLIA's anti-attachment provision was a separate, independent basis for the result." *Maretta v. Hillman*, 283

Va. 34, 46, 722 S.E.2d 32, 38 (2012). Even if the anti-attachment provision were the sole reason for the *Ridgway* decision, ERISA prohibits assignment and alienation of pension plans, and the imposition of a constructive trust is essentially an indirect assignment of the benefits. Therefore, the argument that ERISA does not preempt constructive trust claims because SGLIA's anti-attachment provision was the sole reason prohibiting the imposition of a constructive trust was rejected in the context of FEGLIA.

Additionally, ERISA provides a method for a former spouse or child to secure an interest in plan benefits. *See Metropolitan Life Ins. Co. v. Pettit*, 164 F.3d 857, 863 (1998). Under 29 U.S.C. § 1144(b)(7), qualified domestic relations orders are expressly excepted from preemption. Therefore, Congress's intent is that "unless a domestic relations settlement complies with the QDRO requirements, ERISA preempts its enforcement through a state law mechanism such as a constructive trust." *Pettit*, 164 F.3d at 865. Neither the Agreement nor the Final Decree of Divorce, which incorporated the Agreement by reference, qualifies as a QDRO. *See* 29 U.S.C. § 1056(d) (3) (2012). Therefore, imposing a constructive trust based on the property settlement agreement contravenes ERISA's explicit QDRO preemption exception.

## *Conclusion*

Because a claim for the imposition of a constructive trust "relates to" the plan benefits designated to defendant, Kimberly Cowser-Griffin, under ERISA, the plaintiffs' claim is preempted. Since there is no genuine dispute of material fact, the plaintiffs cannot survive summary judgment, and summary judgment must, therefore, be entered in favor of the defendant.