[Cite as *Crites v. Anthem Life Ins. Co.*, 2013-Ohio-2145.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
DEFIANCE COUNTY

TYLER P. CRITES, ET AL,

    PLAINTIFFS-APPELLEES,

                         CASE NO. 4-12-21

    v.

ANTHEM LIFE INSURANCE COMPANY,

    DEFENDANT-THIRD PARTY
    PLAINTIFF-APPELLEE,

    v.                       O P I N I O N

BARBARA CRITES,

    THIRD-PARTY DEFENDANT-APPELLANT.

Appeal from Defiance County Common Pleas Court
Trial Court No. 11-CV-41188

Judgment Reversed and Cause Remanded

Date of Decision:   May 28, 2013

APPEARANCES:

    *John S. Shaffer and Mark S. Tipton* for Appellant

    *Steven F. Hubbard* for Appellees Crites

    *Robert N. Webner and Bethany R. Spain* for Appellee, Anthem Life
        Insurance Company

**WILLAMOWSKI, J.**

{¶1} Third-Party Defendant-Appellant Barbara Crites ("B. Crites") brings this appeal from the judgment of the Court of Common Pleas of Defiance County ordering Defendant/Third-Party Plaintiff-Appellee Anthem Life Ins. Co. ("Anthem") to pay the proceeds of the life insurance policy listing B. Crites as the beneficiary to Plaintiffs-Appellees Tyler Crites ("T. Crites") and Lindsay Crites ("L. Crites"). For the reasons set forth below, the judgment of the trial court is reversed.

{¶2} Keith L. Crites ("the Decedent") was employed by Magic Coil, LLC and had a group life insurance policy through his employer with a death benefit of $30,000.00. In October of 2006, the Decedent named his children, T. Crites and L. Crites as the beneficiaries. On December 31, 2006, B. Crites and the Decedent were married. In June of 2007, the Decedent changed the beneficiary on the life insurance policy to B. Crites with his children being named as contingent beneficiaries. On February 16, 2010, the Decedent and B. Crites entered into a separation agreement which included all life insurance policies. The agreement was adopted by the trial court and incorporated into a judgment entry terminating the marriage of the Decedent and B. Crites on April 1, 2010. On April 10, 2010, the Decedent died.

{¶3} On February 23, 2011, T. Crites and L. Crites filed a complaint against Anthem requesting payment of the death benefit to them. Anthem then filed a third-party complaint against B. Crites on April 14, 2011. Anthem sought an order allowing it to deposit the funds with the court. B. Crites then filed an answer and a counter-claim demanding payment from Anthem on May 17, 2011. On August 4, 2011, T. Crites and L. Crites filed an amended complaint against Anthem and B. Crites requesting that if the funds were paid to B. Crites, she be made an involuntary trustee holding the funds in a constructive trust for them. Anthem filed its answer on August 29, 2011 again requesting permission to deposit the funds with the court and then be dismissed from the suit.[1] B. Crites filed her answer on August 17, 2011, requesting that the counter-claim for a constructive trust be dismissed and renewing her request for payment of the funds from Anthem.

{¶4} On December 19, 2011, the parties filed stipulations of fact with the trial court. All parties conceded that the life insurance policy was an employer provided benefit governed by the Employment Retirement Income Security Act ("ERISA"). The stipulations also stated that the named beneficiary of the policy was B. Crites. Finally, the stipulations stated that the separation agreement provided that each party released his or her rights to be the beneficiary of any

---

[1] The parties opposed allowing Anthem to deposit the money with the court because they did not want to have to pay the fees to the court or lose out on the interest that Anthem would have to pay them.

insurance policy issued to the other. The parties then filed their respective motions for summary judgment on January 17, 2012. On August 14, 2012, the trial court granted summary judgment to T. Crites and L. Crites. The trial court held that B. Crites had waived her right to the proceeds of the life insurance policy. Thus, the trial court ordered Anthem to pay the benefits to T. Crites and L. Crites. B. Crites appeals from this judgment and raises the following assignment of error.

> **The Court of Common Pleas erred in awarding the life insurance proceeds to the decedent's children when the decedent's former wife was the named beneficiary of the ERISA controlled group life insurance policy and her Separation Agreement/Dissolution Decree did not waive such benefit.**

{¶5} The sole assignment of error claims that the trial court erred in awarding the benefits to T. Crites and L. Crites. There is no dispute by the parties that the life insurance policy in question is controlled by ERISA. That makes all the difference in this case. "ERISA shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan covered by ERISA." 29 U.S.C. § 1144(A). The constitutionality of ERISA superseding state laws and agreements was upheld by the U.S. Supreme Court in *Egelhoff v. Egelhoff ex rel Breiner*, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001). In *Egelhoff*, the decedent had an employer issued life insurance policy that was subject to ERISA. The decedent had named his wife as the beneficiary. Ten years

before his death, he divorced his wife, but never changed the beneficiary. Upon his death, his children tried to recover the proceeds from the policy. The Court held that the plan administrators must follow the plan and could only pay the proceeds to the named beneficiary absent a Qualified Domestic Relations Order ("QDRO").

{¶6} The U.S. Supreme Court addressed a similar issue in *Kennedy v. Plan Adm'r. for Dupont Sav. and Inv. Plan*, 555 U.S. 285, 129 S.Ct. 865, 172 L.Ed.2d 662 (2009). In *Kennedy*, the decedent had divorced his wife several years before his death. The divorce decree ordered that the wife was divested of all claims to the husband's pension plan. However, the husband never changed the beneficiary listed on the pension from the ex-wife to his daughter. The Court unanimously held that absent a valid QDRO, the plan administrator must follow the terms of the plan and make any payment to the designated beneficiary. *Id*. at 286-87. "ERISA provides no exception to the plan administrator's duty to act in accordance with plan documents." *Id*. at 286.

{¶7} Here, both parties agree that the life insurance policy fell under the control of ERISA. The parties also agree that pursuant to the plan documents, B. Crites is the named beneficiary. T. Crites and L. Crites even concede that the trial court erred as a matter of law by ordering Anthem to ignore the plan documents and pay the proceeds of the plan to them. Appellee's Brief, 5. We concur with

that concession. The trial court has no authority to enter a judgment that is contrary to law. Thus, the trial court erred by ordering Anthem to pay T. Crites and L. Crites. The assignment of error is thus sustained.

{¶8} Having found the error in ordering distribution of the proceeds by Anthem to T. Crites and L. Crites., the judgment of the trial court must be reversed. However, this court is not ruling on what should or should not happen after the money is distributed pursuant to the plan. T. Crites and L. Crites claim that a constructive trust is implied. The trial court did not rule on that issue below and thus we cannot consider it on appeal. That decision is left to the consideration of the trial court upon remand.

{¶9} The judgment of the Court of Common Pleas of Defiance County is reversed and the matter is remanded for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**