[Cite as *Crites v. Anthem Life Ins. Co.*, 2014-Ohio-1682.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

TYLER P. CRITES, ET AL.,

    PLAINTIFFS-APPELLANTS,

    v.                                    CASE NO.  4-13-13

ANTHEM LIFE INSURANCE COMPANY,

    DEFENDANT-APPELLEE,

    v.                                    O P I N I O N

BARBARA CRITES,

    THIRD-PARTY DEFENDANT-APPELLANT.

Appeal from Defiance County Common Pleas Court
Trial Court No. 11-CV-41188

Judgment Affirmed

Date of Decision:   April 21, 2014

APPEARANCES:

    *John S. Shaffer and Mark S. Tipton* for Barbara Crites

    *Stephen F. Hubbard* for Tyler P. Crites, et al.

**PRESTON, J.**

{¶1} Third-party defendant-appellant, Barbara Crites (hereinafter "B. Crites"), appeals the Defiance County Court of Common Pleas' judgment entry granting her the proceeds of a life insurance policy owned by her ex-husband, Keith L. Crites (hereinafter "decedent"), and underwritten by defendant-appellee, Anthem Life Insurance Company (hereinafter "Anthem"), for which she was the named beneficiary, but imposing a constructive trust for the benefit of plaintiffs-appellants, Tyler P. Crites and Lindsay R. Crites (hereinafter "T. Crites" and "L. Crites"), the decedent's children. T. Crites and L. Crites also filed an appeal from the same judgment entry.

{¶2} This case was previously before this court, and the facts have not changed since that time. The decedent was employed by Magic Coil, L.L.C. and had a group life insurance policy through his employer with a death benefit of $30,000. In October 2006, the decedent named his children, T. Crites and L. Crites, as the beneficiaries. On December 31, 2006, B. Crites and the decedent were married. In June 2007, the decedent changed the beneficiary on the life insurance policy to B. Crites, with T. Crites and L. Crites named as contingent beneficiaries. On February 16, 2010, the decedent and B. Crites entered into a separation agreement, wherein they released each other from any right the other might have "as any beneficiary in any life, or any other type of insurance policy

-2-

issued to the other." The separation agreement further provided that the decedent should maintain ownership of his employer-sponsored life insurance policy free and clear of the claims of B. Crites. The separation agreement was adopted by the trial court and incorporated into a judgment entry terminating the marriage of the decedent and B. Crites on April 1, 2010. On April 10, 2010, the decedent died.

{¶3} On February 23, 2011, T. Crites and L. Crites filed a complaint against Anthem requesting payment of the death benefit to them. (Doc. No. 1). Anthem then filed a third-party complaint against B. Crites on April 14, 2011. (Doc. No. 2). Anthem sought an order allowing it to deposit the funds with the court. (*Id.*). On May 17, 2011, B. Crites then filed an answer and a counterclaim, demanding payment from Anthem. (Doc. No. 4).

{¶4} On August 4, 2011, T. Crites and L. Crites filed an amended complaint against Anthem and B. Crites, requesting that if the funds were paid to B. Crites, she be made an involuntary trustee holding the funds in a constructive trust for them. (Doc. No. 7). Anthem filed its answer on August 29, 2011, again requesting permission to deposit the funds with the court and then be dismissed from the suit.[1] (Doc. No. 10).

---

[1] The parties opposed allowing Anthem to deposit the money with the court because they did not want to have to pay the fees to the court or lose out on the interest that Anthem would have to pay them.

{¶5} B. Crites filed her answer on August 17, 2011, requesting that the counterclaim for a constructive trust be dismissed and renewing her request for payment of the funds from Anthem. (Doc. No. 8)

{¶6} On December 19, 2011, the parties filed stipulations of fact with the trial court. (Doc. No. 13). All parties conceded that the life insurance policy was an employer-provided benefit governed by the Employment Retirement Income Security Act ("ERISA"). The stipulations also stated that the named beneficiary of the policy was B. Crites. Finally, the stipulations stated that the separation agreement provided that each party released his or her rights to be the beneficiary of any insurance policy issued to the other. The parties then filed their respective motions for summary judgment on January 17, 2012. (Doc. Nos. 14, 16).

{¶7} On August 14, 2012, the trial court granted summary judgment to T. Crites and L. Crites. (Doc. No. 20). The trial court held that B. Crites had waived her right to the proceeds of the life insurance policy. (*Id.*). Thus, the trial court ordered Anthem to pay the benefits to T. Crites and L. Crites. (*Id.*). B. Crites appealed this judgment, and this Court reversed, holding that ERISA governed the life insurance policy and that the trial court erred by ordering Anthem to pay the benefits to T. Crites and L. Crites when B. Crites was the named beneficiary. *Tyler P. Crites, et al. v. Anthem Life Ins. Co. v. Barbara Crites*, 3d Dist. Defiance No. 4-12-21, 2013-Ohio-2145. Nevertheless, this Court declined to offer any

opinion concerning "what should or should not happen after the money is distributed pursuant to the [insurance policy]." *Id.* at ¶ 8. Instead, we left to the trial court on remand whether to impose a constructive trust on the life insurance policy proceeds. *Id.*

{¶8} On July 24, 2013, following our remand, T. Crites and L. Crites renewed their motion for summary judgment, arguing that the life insurance proceeds should be distributed to B. Crites as involuntary trustee of a constructive trust for the benefit of T. Crites and L. Crites. (Doc. No. 22).

{¶9} On July 26, 2013, B. Crites, T. Crites, and L. Crites notified the trial court that they agreed that the insurance proceeds should be deposited into the trust account of the attorney for T. Crites and L. Crites until final resolution of the case. (Doc. No. 23). Based on the parties' agreement, the trial court ordered Anthem to send a check to the attorney for T. Crites and L. Crites to hold in the attorney's trust account until the case was resolved. (*Id.*).

{¶10} On August 30, 2013, B. Crites filed a motion for an order permitting her to renew her motion for summary judgment, which order the trial court issued on September 3, 2013. (Doc. Nos. 24, 26).

{¶11} On September 6, 2013, B. Crites filed her renewed motion for summary judgment, arguing that the trial court should not impose a constructive

trust on the proceeds of the life insurance policy for which she was the listed beneficiary. (Doc. No. 27).

{¶12} On October 2, 2013, Anthem notified the trial court that it had delivered to counsel for T. Crites and L. Crites a check for the full amount of the life insurance policy to hold in trust until the case was finalized. (Doc. No. 30).

{¶13} On October 7, 2013, the trial court filed its judgment entry ordering that the proceeds of the insurance policy, currently held in the trust account of the attorney for T. Crites and L. Crites, be delivered to B. Crites, as beneficiary under the policy. (Doc. No. 31). However, the trial court further ordered that B. Crites hold the proceeds subject to a constructive trust in favor of T. Crites and L. Crites, which proceeds should be forthwith paid to T. Crites and L. Crites. (*Id.*).

{¶14} On October 31, 2013, B. Crites filed a notice of appeal. (Doc. No. 32). On November 12, 2013,[2] T. Crites and L. Crites filed a notice of appeal. (Doc. No. 33). We will first address B. Crites' assignment of error because it is dispositive.

## B. Crites' Assignment of Error

**The Court of Common Pleas of Defiance County, Ohio, erred in imposing a constructive trust upon [sic] the life insurance proceeds for the benefit of the children of decedent Keith L. Crites (Appellees) when the decedent's former wife/Appellant**

---

[2] Pursuant to App.R. 4(B)(1), T. Crites and L. Crites were required to file their notice of appeal within ten days of the notice of appeal B. Crites filed. Sunday, November 10, 2013 is the tenth day following B. Crites' notice of appeal, and Monday, November 11, 2013 was a legal holiday, so T. Crites and L. Crites' filing on Tuesday, November 12, 2013 was timely. App. R. 14(A).

**was the named beneficiary of the Employee Retirement Income Security Act-governed group life insurance policy and Appellant did not waive her rights to the benefits in her Separation Agreement/Final Decree of Dissolution.**

{¶15} In her sole assignment of error, B. Crites argues that the trial court erred by imposing a constructive trust over the proceeds of the life insurance policy for the benefit of decedent's children, T. Crites and L. Crites. B. Crites first argues that the equitable remedy of constructive trust violates ERISA, and the parties should have created a Qualified Domestic Relations Order ("QDRO") to designate T. Crites and L. Crites beneficiaries of the life insurance policy. Second, B. Crites argues that T. Crites and L. Crites failed to clearly and convincingly demonstrate that she waived her rights to the insurance proceeds.

{¶16} As noted in our prior appeal, the parties agree that the subject life insurance policy was employer-provided and governed by ERISA. In relevant part, ERISA requires that the fiduciary administer the plan "in accordance with the documents and instruments governing the plan," 29 U.S.C. 1104(a)(1)(D), making payments to a "beneficiary" who is "designated by a participant, or by the terms of [the] plan." 29 U.S.C. 1002(8). *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147, 121 S.Ct. 1322 (2001). There is no question that B. Crites was the named beneficiary of the decedent's employer-provided life insurance policy. Consequently, we reversed the trial court's first decision, which awarded the policy benefits to T. Crites and L. Crites outright. *See Dailey v. Lohr*, 7th Dist.

Mahoning No. 00 CA 27, 2002-Ohio-1532, ¶ 35-39 (discussing decisions from within the U.S. Sixth Circuit finding error with awarding benefits from policies governed by ERISA to parties other than the named beneficiaries based on divorce decrees and similar domestic relations documents). On remand, the trial court awarded the policy benefits to B. Crites, as beneficiary under the policy; however, the trial court imposed a constructive trust on the proceeds for the benefit of T. Crites and L. Crites. We now must decide whether the trial court was permitted under ERISA to impose a constructive trust on the proceeds of the life insurance policy.

{¶17} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994). Whether a trial court can impose a constructive trust on the proceeds of an ERISA-governed life insurance policy is also an issue of law we review de novo. *Briceno v. Briceno*, Tenn.App. No. M2006-01927-COA-R3-CV, 2007 WL 4146280, *3 (Nov. 21, 2007).

{¶18} Our research reveals little guidance from Ohio state courts on this issue. Only one district of the Ohio Court of Appeals has approved of this practice, albeit with little discussion. *Blevins v. Estate of Blevins*, 10th Dist. Franklin No. 12AP-554, 2013-Ohio-947, ¶ 16 (trial court appropriately imposed a constructive trust on proceeds of a pension plan paid to decedent's wife for the benefit of decedent's ex-wife). Consequently, we turn to federal court decisions, beginning with the two U.S. Supreme Court cases we cited in our prior opinion.

{¶19} In *Egelhoff*, the decedent had an employer-issued life insurance policy subject to ERISA. 532 U.S. 141. The decedent had named his wife as the beneficiary. Ten years before his death, he divorced his wife but never changed the beneficiary. Upon his death, his children tried to recover the proceeds from the policy. The Court held that the plan administrators must follow the plan and could pay the proceeds only to the named beneficiary absent a QDRO. *Id.* at 141-142, 150.

{¶20} In *Kennedy v. Plan Admr. for Dupont Sav. and Invest. Plan*, the decedent had divorced his wife several years before his death. 555 U.S. 285, 129 S.Ct. 865 (2009). The divorce decree ordered that the wife was divested of all claims to the husband's pension plan. However, the husband never changed the beneficiary listed on the pension from the ex-wife to his daughter. The Court unanimously held that absent a valid QDRO, the plan administrator must follow

the terms of the plan and make any payment to the designated beneficiary. *Id.* at 286-287. "ERISA provides no exception to the plan administrator's duty to act in accordance with plan documents." *Id.* at 286. However, the Court in *Kennedy* did not express any opinion concerning whether the decedent's estate could have brought an action to obtain the proceeds of the ex-husband's pension plan *after* the benefits were distributed to the ex-wife under the plan. *Id.* at 299-300, fn. 10.

{¶21} While the U.S. Supreme Court has declined to rule on this issue, the U.S. Court of Appeals for the Sixth Circuit has held that once the benefits of a life insurance policy governed by ERISA have been released to the properly designated beneficiary, the district court has discretion to impose a constructive trust on those benefits in accordance with applicable state law if equity so requires. *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 679 (6th Cir.2000). *See also Partlow v. Person*, 798 F.Supp.2d 878, 885 (E.D.Mich.2011). ("The law recognizes a distinction between a plan administrator's obligation to pay over benefits to a named plan beneficiary and that beneficiary's entitlement to keep those funds thereafter.").

{¶22} Consequently, trial courts are empowered to impose constructive trusts on proceeds received from insurance policies governed by ERISA after the designated beneficiary receives the proceeds. *Briceno*, 2007 WL 4146280, at *6 (state court); *In re Estate of Couture*, __ A.3d __, 2014 WL 658054, *5-6

(N.H.2014) (state court); *Brown ex rel. Estate of Sanger v. Wright*, 511 F.Supp.2d 850, 852-853 (E.D.Mich.2007) (federal district court); *Gray v. Aetna Life Ins. Co.*, W.D.Tenn. No. 11-2204-STA-dkv, 2012 WL 1252572, *2 (Apr. 13, 2012) (federal district court). *But see Griffin v. Cowser-Griffin*, 85 Va.Cir. 435, 2012 WL 9737556, *6 (state court cannot impose a constructive trust because ERISA requires QDRO).

{¶23} B. Crites cites *Kennedy* and *Estate of Thomas A. Dailey v. Lohr*, 7th Dist. Mahoning No. 00 CA 27, 2002-Ohio-1532, for the proposition that ERISA mandates a QDRO to direct payment of the proceeds of an employer-provided life insurance policy to someone other than the named beneficiary. This case is distinguishable from *Kennedy* and *Lohr*, because the trial court *sub judice* did not change the beneficiary but imposed a constructive trust on the insurance proceeds after the proceeds had been disbursed to the designated beneficiary.

{¶24} The Supreme Court of Ohio has described a constructive trust under Ohio law as a:

> trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either

has obtained or holds the legal right to property which he ought not,

in equity and good conscience, hold and enjoy. It is raised by equity

to satisfy the demands of justice.

*Estate of Cowling v. Estate of Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, ¶ 18, quoting *Ferguson v. Owens*, 9 Ohio St.3d 223, 225 (1984), quoting 76 American Jurisprudence 2d, Trusts, Section 221, at 446 (1975). A constructive trust is considered a trust because "[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." *Estate of Cowling* at ¶ 18 (citations and internal quotations omitted). Although a constructive trust is commonly invoked when property has been obtained by fraud, it may be imposed absent fraud when retaining the property is against the principles of equity. *Id.* at ¶ 19, citing *Ferguson* at 226 and *Aetna Life Ins. Co. v. Hussey*, 63 Ohio St.3d 640, 642 (1992).

{¶25} The party seeking to impose a constructive trust bears the burden of proof by clear and convincing evidence. *Id.* at ¶ 20, citing *Univ. Hosps. of Cleveland, Inc. v. Lynch*, 96 Ohio St.3d 118, 2002-Ohio-3748, paragraph three of the syllabus. "Clear and convincing evidence" is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and

which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence to satisfy the requisite degree of proof. *Ford v. Osborne*, 45 Ohio St. 1 (1887), paragraph two of the syllabus. *See also Gallogly v. Watson*, 3d Dist. Union No. 14-12-12, 2013-Ohio-3778, ¶ 16.

{¶26} B. Crites argues that T. Crites and L. Crites failed to clearly and convincingly establish that she waived her rights to her ex-husband's insurance policy. To impose the constructive trust, the trial court relied exclusively on the separation agreement between B. Crites and the decedent. B. Crites argues that the separation agreement lacked the specificity required to constitute a waiver of her rights to the insurance policy benefits.

{¶27} The separation agreement provides, in relevant part, "[E]ach party hereto completely and forever releases the other from any and all rights each has, or may have * * * as beneficiary in any life, or other type of insurance policy issued to the other * * *." (Doc. No. 13, Ex. D). Under "*Life Insurance*," the agreement states, "The Husband shall retain ownership of his employer sponsored life insurance policy free and clear of the claims of the Wife[,]" and, "The Wife

shall retain ownership of her life insurance policy with Globe Life Insurance Company free and clear of the claims of the Husband." (*Id.*).

**{¶28}** The language in the separation agreement here is more specific than the general waiver provisions in the cases cited by B. Crites. In *McMillian v. Parrott*, the waiver provision in the divorce settlement did not mention any ERISA plans or even life insurance generally. 913 F.2d 310, 312, fn. 2 (6th Cir.1990). Similarly, in *Metropolitan Life Ins. Co. v. Pressley*, the waiver provisions referred generally to "insurance policies" and "contract of life * * * insurance." 82 F.3d 126, 127-129, fn. 1 (6th Cir.1996). Beside the fact that the reversed federal district courts in *Parrott* and *Pressley* awarded ERISA-governed benefits to a beneficiary other than the named beneficiary *prior to* their disbursement—unlike the trial court here—the waiver language of the separation agreement here specifically refers to the husband's "employer sponsored life insurance policy," i.e. a plan governed under ERISA. This is significantly different than the vague divorce settlement agreements in *Parrott* and *Pressley*.

**{¶29}** The language of B. Crites and the decedent's separation agreement clearly and convincingly demonstrates that B. Crites waived her right to the proceeds of decedent's employer-provided life insurance policy. Therefore, the trial court did not err by granting T. Crites and L. Crites' motion for summary

judgment and imposing a constructive trust over the proceeds of the life insurance policy in favor of T. Crites and L. Crites, the decedent's children.

{¶30} B. Crites' sole assignment of error is, therefore, overruled.

*T. Crites and L. Crites' Appeal*

{¶31} T. Crites and L. Crites filed an appeal setting forth the following assignment of error:

> **The trial court erred by failing to grant Tyler Crites and Lindsay Crites' Motion for Summary Judgment without opposition since Barbara Crites did not file a timely response or memorandum contra and by granting Barbara Crites' motion permitting her to file her "renewed Motion for her Summary Judgment/Memorandum Contra on September 6, 2013."**

{¶32} T. Crites and L. Crites argue that the trial court should have granted them default summary judgment when B. Crites failed to timely file her motion for summary judgment in opposition. T. Crites and L. Crites appear to argue this as an additional basis to sustain the trial court's judgment.

{¶33} Although errantly raised in a direct appeal, T. Crites and L. Crites assignment of error is a defensive cross-assignment of error to prevent a reversal of the summary judgment in their favor. R.C. 2505.22; App.R. 3(C)(2). Cross-assignments of error may be considered only when necessary to prevent reversal, however. *Hellman v. Motorists Mut. Ins. Co.*, 153 Ohio App.3d 405, 2003-Ohio-2671, ¶ 24 (3d Dist.), citing *Duracote Corp. v. Goodyear Tire & Rubber Co.*, 2 Ohio St.3d 160, 163-164 (1983).

{¶34} Here, the grant of summary judgment in favor of T. Crites and L. Crites does not face reversal; consequently, T. Crites and L. Crites' cross-assignment of error is rendered moot, as conceded by counsel for T. Crites and L. Crites at oral argument. *Conley v. Endres Processing Ohio, L.L.C.*, 3d Dist. Wyandot No. 16-12-11, 2013-Ohio-419, ¶ 23, citing *Parton v. Weilnau*, 169 Ohio St. 145 (1959), paragraph seven of the syllabus. Therefore, we decline to address this issue further. App.R. 12(A)(1)(c).

{¶35} Having found no error prejudicial to the third-party defendant-appellant herein, we affirm the judgment of the trial court. Having affirmed the trial court's judgment, T. Crites and L. Crites' cross-assignment of error is moot, and we decline to address it further.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**